**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERARDO GALVEZ-MACHADO, AKA
Gerardo Galvez, AKA Gerardo Machado,

Defendant - Appellant.

No. 14-50138

D.C. No. 2:12-cr-00606-MWF-17

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted January 6, 2016
Pasadena, California

Before: GOODWIN, M. SMITH, and WATFORD, Circuit Judges.

**1.** The government introduced sufficient evidence from which a reasonable jury could infer that Gerardo Galvez-Machado was aware of a high probability that he was in possession of contraband and that he deliberately avoided learning the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

truth. Strangers offered Galvez-Machado $200 to unload unidentified cargo off a boat; he and other individuals rode in a van for hours to reach a deserted beach at midnight; and a cooperating witness—Jose Gonzalez-Chavez—testified that there were audible conversations in the van about the logistics of unloading marijuana. A jury could reasonably conclude that failure to inquire or investigate under these circumstances constitutes deliberate ignorance. *See United States v. Heredia*, 483 F.3d 913, 920–21, 923 (9th Cir. 2007) (en banc). The district court therefore did not abuse its discretion by giving an instruction under *United States v. Jewell*, 532 F.2d 697 (9th Cir. 1976) (en banc).

**2.** The district court did not violate Galvez-Machado's Confrontation Clause or due process rights by limiting defense counsel's cross-examination of Gonzalez-Chavez or by redacting parts of his plea agreement. There was only one potentially relevant provision of the plea agreement that the jury did not receive. But Galvez-Machado did not challenge the redaction of that provision before it was sent to the jury, and neither his lawyer nor any of the other defense lawyers attempted to cross-examine Gonzalez-Chavez about that provision. The district court limited defense counsel's ability to explore some of the technical Guidelines calculations set forth in the plea agreement, but those limitations did not unduly constrict Galvez-Machado's ability to explore Gonzalez-Chavez's motivation to

lie. The jury heard that Gonzalez-Chavez faced a ten-year mandatory minimum sentence and that the government would recommend a sentence below the mandatory minimum if he provided substantial assistance. The jury learned sufficient information about the terms of the plea agreement to assess the credibility and biases of Gonzalez-Chavez. *See United States v. Larson*, 495 F.3d 1094, 1103–06 (9th Cir. 2007) (en banc).

**3.** The district court did not plainly err in approving introduction of the redacted plea agreement as an adequate means of correcting Gonzalez-Chavez's false testimony. When it became apparent during cross-examination that Gonzalez-Chavez would continue to deny the terms of his plea agreement, all parties agreed that his false statements needed to be corrected and that the "gist" of the plea agreement's terms needed to be accurately conveyed to the jury. The parties further agreed that, given Gonzalez-Chavez's recalcitrance on the stand, the best means of conveying the plea agreement's terms was to provide the jury with a copy of the plea agreement itself. The government attempted to submit the entire unredacted plea agreement to the jury, but the court ordered, at defense counsel's request, that a redacted version of the plea agreement be entered into evidence instead. Galvez-Machado never requested that further action be taken, and the redacted version of the plea agreement, together with the limited information

elicited from Gonzalez-Chavez on the stand, conveyed to the jury the nature of the benefits Gonzalez-Chavez would likely receive in exchange for his testimony. The district court therefore did not commit clear or obvious error in concluding that any potential *Napue v. Illinois*, 360 U.S. 264 (1959), violation had been adequately addressed. *See United States v. Houston*, 648 F.3d 806, 813–15 (9th Cir. 2011).

**AFFIRMED.**